UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIQUAN BOOKER,

                          Plaintiff,

            -against-

OFFICER MURPHY,

                          Defendant.

23-CV-0751 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Green Correctional Facility, brings this *pro se*
action under 42 U.S.C. § 1983, alleging that Officer Murphy violated his federal constitutional
rights at Shawangunk Correctional Facility ("Shawangunk"). For the following reasons, this
action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

a judicial district in which any defendant resides, if all defendants are residents of
the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is
domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district
where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28
U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Officer Murphy violated his rights at Shawangunk. He does not
plead the residence of this defendant, but he asserts that the alleged events giving rise to his
claims occurred at Shawangunk, which is located in Ulster County in the Northern District of

New York. *See* 28 U.S.C. § 112(a). Because it is unknown where Defendant resides, it is unclear whether venue is proper in either this District or the Northern District under Section 1391(b)(1). Even if the Court did assume that Officer Murphy resides in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at Shawangunk, it is known that venue is proper in the Northern District of New York under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at Shawangunk, and it is reasonable to expect that all relevant documents and witnesses also would be at Shawangunk. The Northern District of New York appears to be a

more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

               /s/ Laura Taylor Swain
               LAURA TAYLOR SWAIN
               Chief United States District Judge

3